UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY GANT,

          Plaintiff,          No. 11-CV-12204

vs.          Hon. Gerald E. Rosen

EMC MORTGAGE and JPMORGAN
CHASE BANK SERVICER,

          Defendants.
_____/

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on __October 13, 2011_____

PRESENT:    Honorable Gerald E. Rosen
                     United States District Chief Judge

### INTRODUCTION

This matter is presently before the Court on the Fed. R. Civ. P. 12(b)(6) Motion to Dismiss filed on May 27, 2011 by Defendant JPMorgan Chase Bank, N.A., as successor-in-interest to EMC Mortgage LLC (formerly known as EMC Mortgage Corporation).[1]

---

[1] Plaintiff erroneously captioned his Complaint as being against "EMC Mortgage and JPMorgan Chase Bank Servicer," though his Complaint contains no allegations whatsoever against JPMorgan Chase Bank Servicer.  However, JPMorgan Chase Bank is the successor-in-interest to EMC Mortgage, and therefore, has moved to dismiss Plaintiff's Complaint, not only as to any claims that may have been alleged against JP Morgan Chase but also as to all claims asserted against EMC Mortgage.

Plaintiff has not responded to Defendants' Motion.  However, having reviewed Defendants' Motion, Plaintiff's Complaint and the exhibits attached thereto, the Court has concluded that oral argument would not assist in the resolution of this matter. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court will dispense with any hearing and will decide this motion based on the record as it presently exists, including the brief in support of the motion to dismiss filed by Defendants.

## DISCUSSION

Plaintiff Terry Gant, acting *pro se*, filed a Complaint in the Wayne County Circuit Court captioned as "Complaint Mortgage Fraud, Quiet Title," in which he claims that EMC Mortgage engaged in "illegal action" to defraud him of his real property.  Though Plaintiff cites several provisions of Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., the Complaint contains no factual allegations upon which the purported violation of the FDCPA are predicated.  The Complaint also contains citations to M.C.L. § 600.3204(3) (requiring a record chain of title for foreclosure by advertisement) and M.C.L. § 600.3264 (authorizing the use of affidavits to perpetuate evidence of foreclosure sale), but no foreclosure is complained of in Plaintiff's Complaint and Defendants assert that no foreclosure has occurred.

Fed. R. Civ. P. 12(b)(6) authorizes the Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted. . . ."  In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the

plaintiff and accept all well-pled factual allegations as true. *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and citations omitted). Rather, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949.

Further, Fed. R. Civ. P. 9 requires that fraud be pled with particularity. Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Rule's purpose is to alert defendants "as to the particulars of their alleged misconduct" so that they may respond.

3

*United States ex rel. Bledsoe v. Cmty. Health Sys., Inc*., 501 F.3d 493, 503 (6th Cir.2007). The heightened pleading standard is also designed to prevent "fishing expeditions," *id*. at 503 n. 11, to protect defendants' reputations from allegations of fraud, *ibid*., and to narrow potentially wide-ranging discovery to relevant matters. *United States ex rel. SNAPP, Inc. v. Ford Motor Company*, 532 F.3d 496, 504 (6th Cir.2008). Though Fed. R. Civ. P. 8 requires only "a short, plain statement of the claim," the Sixth Circuit has instructed that when fraud is alleged, Rule 8 is to be read in conjunction with Rule 9. *Bledsoe, supra*. To plead fraud with particularity, the plaintiff must allege (1) "the time, place, and content of the alleged misrepresentation," (2) "the fraudulent scheme," (3) the defendant's fraudulent intent, and (4) the resulting injury. *Bledsoe*, 501 F.3d at 504.

As detailed by Defendant in its brief, Plaintiff's Complaint is devoid of any factual allegations whatsoever as to any act committed by EMC or JPMorgan Chase. The Complaint does not describe what happened, when it happened, who perpetrated the alleged illegal conduct, where the harm occurred or the role of either of the named defendants in harming Plaintiff. No specific facts or basis for the alleged violations of the FDCPA or the Michigan statutes are given, and no mortgage or loan documents are attached from which any facts might be inferred.

Further, to the extent Plaintiff's Complaint can be construed as asserting a claim for violation of the FDCPA, statutory liability under the Act can only attach to those who meet the statutory definition of a "debt collector," *Waddington v. Credit Acceptance*

*Corp.,* 76 F.3d 103, 104 (6th Cir. 1996); *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003), and "debt collector" does not include a plaintiff's creditors. *Id.*

For these reasons and for the reasons set forth in detail in Defendants' brief, the Court concludes that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Therefore,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss **[Dkt. # 4]** is GRANTED, and Plaintiff's Complaint is DISMISSED, in its entirety, with prejudice.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: October 13, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 13, 2011, by electronic and/or ordinary mail.

s/Felicia Moses for Ruth A. Gunther
Case Manager